UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANNA M. GINGRICH,<br><br>       Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN. Acting Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:13-cv-05497-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 11, 2014 |

  Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

### FACTUAL AND PROCEDURAL HISTORY

  On December 8, 2009, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that she became disabled beginning December 1, 2007. See ECF #10, Administrative Record ("AR") 12. Both applications were denied upon initial administrative review on June 1, 2010, and on reconsideration on September

REPORT AND RECOMMENDATION - 1

3, 2010. See id.  A hearing was held before an administrative law judge ("ALJ") on December 14, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 26-76.

In a decision dated January 5, 2012, the ALJ determined plaintiff to be not disabled. See AR 12-21.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 17, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, § 416.1481.  On June 27, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on November 21, 2013. See ECF #10.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred:

(1) in evaluating the opinion evidence from Kevin N. Morris, Psy.D., Michael L. Brown, Ph.D., Dan Donahue, Ph.D., and Barbara Mills, MPA, MHP;

(2) in discounting plaintiff's credibility;

(3) in assessing plaintiff's residual functional capacity; and

(4) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.

Plaintiff also argues the Commissioner erred by failing to include in the record all evidence that was submitted to the Appeals Council in violation of her due process rights.  For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the opinion evidence from Dr. Morris, and therefore in assessing plaintiff's residual functional capacity, in finding her to be

REPORT AND RECOMMENDATION - 2

capable of performing other jobs existing in significant numbers in the national economy, and accordingly in determining her to be not disabled. Also for the reasons set forth below, however, while the undersigned recommends that defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.[1]

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld.

---

[1] Because reversal and remand is being recommended based on improper evaluation of the opinion evidence from Dr. Morris, the undersigned finds it unnecessary to address the issue of whether the Commissioner erred in failing to include the additional evidence submitted to the Appeals Council as part of the record, and thus declines to do so.

REPORT AND RECOMMENDATION - 3

Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

I.   The ALJ's Evaluation of the Opinion Evidence from Dr. Morris

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Plaintiff asserts the ALJ erred by failing to properly credit the opinion of Dr. Morris. In

REPORT AND RECOMMENDATION - 5

regard to that opinion, the ALJ found in relevant part:

> . . . [L]icensed psychologist Kevin Morris, Psy.D., evaluated the claimant and reported a provisional diagnosis of [posttraumatic stress disorder], as well as alcohol dependence in sustained full remission and reported difficulties with reading, mathematics, and written expression (Ex. 3F, 3).  The psychologist conceded that these particular diagnoses were generally based on the claimant's own report (Ex. 3F, 3-4).  Dr. Morris concluded that the claimant was "mostly moderately impaired vis a vis social factors," but nevertheless remained capable of providing adequate care for her children (Ex. 3F, 4).  I give some weight to Dr. Morris' assessment, to the extent it is consistent with the other evidence of record, including more recent evidence obtained at the hearing level.

AR 18.  Specifically, plaintiff argues that while the ALJ stated he was giving the opinion of Dr. Morris "some" weight, he failed to adequately explain why he did not accept all of the functional limitations that examining medical source assessed.  The undersigned agrees.

In terms of mental functional limitations, the ALJ found plaintiff

> **. . . can perform simple, repetitive tasks with no manufacturing style production or pace work, she can engage in occasional interaction with co-workers and supervisors – but no interaction with the general public . . .**

AR 16-17 (emphasis in original).  Dr. Morris, however, also found plaintiff to be moderately limited – which equates to a "[s]ignificant interference with basic work-related activities" – in her ability to learn new tasks, exercise judgment and make decisions, perform routine tasks, respond appropriately to and tolerate the pressures and expectations of a normal work setting, and control physical or motor movements and maintain appropriate behavior.  See AR 241, 243.  The limitations the ALJ adopted do not adequately encompass all of the ones assessed by Dr. Morris.  The ALJ's failure to offer any explanation for that discrepancy constitutes reversible error.  See Lester, 81 F.3d at 830-31.

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a

REPORT AND RECOMMENDATION - 6

claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id.  If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2.  A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id.  It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id.  However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id.  Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id.  In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

As noted above, the ALJ found plaintiff had the mental residual functional capacity to "**perform simple, repetitive tasks with no manufacturing style production or pace work**," and to "**engage in occasional interaction with co-workers and supervisors**," but with "**no interaction with the general public**." AR 16-17 (emphasis in original).  As discussed above, though, the ALJ erred by failing to properly explain why he did not adopt all of the functional limitations assessed by Dr. Morris.  Accordingly, the undersigned agrees with plaintiff that it

REPORT AND RECOMMENDATION - 7

cannot be said at this time that the residual functional capacity with which the ALJ assessed her completely and accurately describes all of her work-related capabilities, and therefore supported by substantial evidence.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e).  The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).  The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).  Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted).  The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical situation to the vocational expert concerning an individual with substantially the same limitations as those the ALJ included in his assessment of plaintiff's residual functional capacity. See AR 70-72.  In response thereto, the vocational expert testified that an individual with those limitations – and with the same age, education and

REPORT AND RECOMMENDATION - 8

work experience as plaintiff – would be able to perform other jobs. See id.  Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. See AR 20.

But because the ALJ erred in evaluating the opinion evidence from Dr. Morris and in assessing plaintiff's RFC, the undersigned again agrees with plaintiff that it cannot be said at this time that the hypothetical question the ALJ posed completely and accurately describes all of her mental functional limitations, and therefore that the ALJ's reliance on the vocational expert's testimony in response thereto to find her not disabled at step five is supported by substantial evidence.  The undersigned disagrees with plaintiff, however, that the substantial evidence in the record necessarily supports a finding of disability, and thus declines to make such a finding.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved

REPORT AND RECOMMENDATION - 9

before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record concerning plaintiff's mental functional limitations, her residual functional capacity and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **July 11, 2014**, as noted in the caption.

DATED this 23rd day of June, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10